# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**NHAN TO REID,**

    **Plaintiff,**

**v.**                                                                                   No. 16-cv-1104 SMV

**NANCY A. BERRYHILL,**[1]
**Acting Commissioner of Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 18] ("Motion"), filed on June 19, 2017. The Commissioner responded on August 17, 2017. [Doc. 20]. Plaintiff replied on August 31, 2017. [Doc. 21]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 7]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Administrative Law Judge ("ALJ") failed to apply the correct legal standard in weighing the opinion of the treating psychiatrist, Dr. Nickell. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four).

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). Courts must meticulously review the entire record, but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

---

[2] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981. This case fits the general framework, and therefore, the Court reviews the ALJ's decision as the Commissioner's final decision.

**Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five step sequential evaluation process. 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[3] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work." 20 C.F.R. § 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

**Procedural Background**

Plaintiff applied for a period of disability and disability insurance benefits on February 10, 2012. Tr. 22. She alleged a disability-onset date of January 31, 2009. *Id.* Her

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ Eric Weiss held a hearing on April 23, 2015, in Albuquerque, New Mexico. *Id.* Plaintiff appeared in person with her attorney and her husband, John Amos Reid. Tr. 22, 39. The ALJ heard testimony from Plaintiff, Mr. Reid, and an impartial vocational expert, Mary Diane Weber. Tr. 22, 39–94.

The ALJ issued his unfavorable decision on May 21, 2015. Tr. 34. Initially, he found that Plaintiff met the insured status requirements through June 30, 2013. Tr. 24. At step one, he found that Plaintiff had not engaged in substantial gainful activity between her alleged onset date and her date last insured. *Id.* Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There, he found that Plaintiff suffered from the following severe impairments: "an affective disorder (variously diagnosed as bipolar affective disorder type I, bipolar disorder unspecified, and seasonal affective disorder) and an anxiety related disorder (variously diagnosed as posttraumatic stress disorder and anxiety disorder)[.]" *Id.* At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 25–27.

Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 27–33. The ALJ found that, through her date last insured:

> [Plaintiff] had the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: she was able to understand, carry out, and remember simple instructions and make commensurate work related decisions. She was able to maintain concentration, persistence[,] and pace for up to and including two hours at a time throughout the 8-hour workday with normal breaks. She was limited to a low stress work environment, defined as a non-production line work pace. She was

4

>     able to have occasional contact with co-workers, supervisors, and
>     the public.

Tr. 28. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 33. At step five, the ALJ found that through Plaintiff's date last insured and based on her RFC, age, education, and work experience and the testimony of the VE, Plaintiff could perform work that exists in significant numbers in the national economy. Tr. 33–34. Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and he denied the claim. Tr. 34. The Appeals Council denied review on August 3, 2016. Tr. 1–4. Plaintiff timely filed the instant action on October 5, 2015. [Doc. 1].

## Analysis

Plaintiff contends that the ALJ erred in rejecting the medical opinions of Plaintiff's treating physician Dr. Nickell. [Doc. 18] at 13–16. The Commissioner disagrees and argues that the ALJ permissibly rejected them. [Doc. 20] at 5–8. Plaintiff is correct.

The ALJ failed to apply the correct legal standard in weighing Dr. Nickell's treating opinions. This error matters because Dr. Nickell assessed more restrictive functional limitations than were ultimately adopted by the ALJ in the RFC. *Compare* Tr. 27 (ALJ's RFC), *with* Tr. 552–56 (Dr. Nickell's opinions). Proper consideration of Dr. Nickell's opinion may render moot Plaintiff's alleged error regarding development of the record. Accordingly, the Court declines to address that alleged error at this time.

Social Security regulations require that, in determining disability, the opinions of treating physicians be given controlling weight when those opinions are well-supported by the medical evidence and are consistent with the record. 20 C.F.R. § 404.1527(c)(2). This is known as the "treating physician rule." *Langley*, 373 F.3d at 1119. The idea is that a treating physician

5

provides a "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations," and therefore, a treating physician's opinion merits controlling weight. *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003).

In order to receive controlling weight, treating physician opinions must be both supported by medical evidence and consistent with the record. If not, the opinions may not merit controlling weight but still must be given deference and weighed using the following six factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); *see* 20 C.F.R. § 404.1527(c). However, not every factor is applicable in every case, nor should all six factors be seen as absolutely necessary. What is absolutely necessary, though, is that the ALJ give good reasons— reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight she ultimately assigns to the opinions. *Langley*, 373 F.3d at 1119; *see* 20 C.F.R. § 404.1527(c)(2); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).

In sum, when properly rejecting a treating physician's opinion, an ALJ must follow two distinct phases. First, the ALJ must find that the opinion is not supported by medical evidence and/or is not consistent with the record. Second, the ALJ must still give deference to the opinion

and weigh it according to the factors listed above. Like all findings, an ALJ's findings in these two phases must be supported by substantial evidence.

In this case, the ALJ rejected Dr. Nickell's opinions. First, the ALJ addressed Dr. Nickell's statements that Plaintiff was "disabled" or "unable to work." Tr. 31. The ALJ found that Dr. Nickell was "primarily restating" Plaintiff's own claim of disability and expressing his own desire to make certain that Plaintiff did not lose her insurance (and, thus, her access to medication). *Id.* Additionally, the ALJ noted that Dr. Nickell's opinion as to ultimate disability is not entitled to any weight. *Id.* ("[H]is opinion is not entitled to weight outside of his medical role."). For these reasons, the ALJ rejected Dr. Nickell's opinion that Plaintiff was "disabled." *Id.* This appeal, however, is not about the ALJ's rejection of Dr. Nickell's statement that Plaintiff cannot work. *See* [Doc. 18] at 13–16; [Doc. 21] at 1–3. There is no dispute that the ALJ was not required to accept Dr. Nickell's "opinion" as to the ultimate determination of disability.

Rather, the issue here is the ALJ's rejection of the functional limitations assessed by Dr. Nickell, Tr. 52–56. [Doc. 18] at 13–16. With respect to the functional limitations, the ALJ found that Dr. Nickell's opinions were "inconsistent with his progress notes and clinical findings, and to [sic] those of other physicians." Tr. 32. Specifically, the ALJ found that the following records "directly contradicted" Dr. Nickell's opinions:

> Dr. Gautier, [Plaintiff's] attending psychiatrist during her April 2011 hospitalization, reported she was restarted on medications with a "very good" response, and Dr. Gautier discharged the claimant with no limitations on her activities [Tr. 305]. Psychiatrist Dr. Creelman, who examined the claimant in October 2011, performed a detailed mental status examination, which was completely normal [Tr. 312]. Dr. Creelman rated her Global Assessment of Functioning at 75 to 80 currently and 85 to 90

7

> during the past year. Psychiatrist Dr. Cruz examined the claimant in July 2012 and agreed with [Plaintiff's] self-report, confirmed by her husband, that she was doing well [Tr. 357].

Tr. 32. The ALJ also cites to several portions of the record in which Dr. Nickell reported Plaintiff to be doing "well," "stable," and her symptoms "not uncontrolled." Tr. 32.

The Court finds that these reasons are legally insufficient because they address only phase one of the treating physician analysis. These reasons (if supported by substantial evidence) may explain why Dr. Nickell's opinions (as to Plaintiff's functional limitations) were not entitled to controlling weight, but that is not the end of the analysis. The ALJ must then discuss the weight he assigns to the opinion in terms of the phase-two factors. Although ALJs need not address every factor at phase two, some distinct step-two findings are required to determine what amount of weight, if any, the opinion should receive. *E.g.*, 20 C.F.R. § 404.1527; *Watkins*, 350 F.3d at 1300–01; Social Security Ruling 96-2p; *see generally Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 829 (2003) (explaining the origin and evolution of the treating physician rule, which was formally codified 25 years ago). Here, the ALJ made phase-one findings and jumped to the conclusion that Dr. Nickell's opinions merited "little weight." The reversible error is the lack of any discussion about any phase-two factor. The ALJ was required to make findings based on the phase-two factors. This he did not do.

Defendant seems to argue that the ALJ, in fact, discussed the length and frequency of Plaintiff's treating relationship with Dr. Nickell, which are phase-two factors. [Doc. 20] at 6. True, the ALJ noted that Dr. Nickell treated Plaintiff from November 2012 through April 2014, over about six appointments. Tr. 31. But that is as far as the ALJ went. He did not draw any conclusions from those facts. He did not find that the length of treatment or the frequency of

appointments showed that Dr. Nickell's opinions were entitled to any more or less weight. Thus, although the ALJ mentioned these facts, the Court finds that they do not satisfy the requirement for phase two findings. The ALJ's analysis need not be an example of technical perfection, but the Court must be able to follow the ALJ's reasoning. The Court cannot. The absence of any phase two findings is reversible error.

At this time, the Court declines to address whether Plaintiff's other alleged error (i.e., that the ALJ failed to develop the record) because it may be rendered moot on adequate consideration of Dr. Nickell's opinions.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 18] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**