# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**NHAN TO REID,**

    **Plaintiff,**

**v.**                                                                                                                                                     No. 16-cv-1104 SMV

**ANDREW SAUL,**[1]
**Commissioner of Social Security Administration,**

    **Defendant.**

## ORDER FOR SUPPLEMENTAL BRIEFING

THIS MATTER is before the Court on Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum [Doc. 27], filed on January 21, 2020. The motion seeks $15,001 in attorney fees for legal services rendered before the Court. *Id*. at 1. Plaintiff signed a contingent-fee agreement, promising that if she won back benefits, she would pay her attorney 25%. [Doc. 27-1] at 19. Plaintiff has been awarded back benefits. *Id.* at 10–15. Accordingly, attorney Laura J. Johnson has moved for the attorney fees pursuant to the contingent-fee agreement. [Doc. 27] at 5. The issue is that Plaintiff made the agreement with attorney Michael Armstrong individually. *See* [Doc. 27-1] at 19. Attorney Johnson, whose firm is called "Michael Armstrong Law Office, LLC," [Doc. 27] at 7, represents that Plaintiff's fee agreement was made with the firm, *id.* at 5. The implication, therefore, is that because Ms. Johnson represents the firm, she may collect on the fee agreement. However, the fee agreement itself does

---

[1] Andrew Saul is the current Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

not bear that out.  The fee agreement is between Plaintiff and attorney Michael Armstrong.  There is no mention of any law firm or other business entity.  [Doc. 27-1] at 19.

The Supreme Court has been clear that district courts are required to review contingent-fee agreements in social security cases "as an independent check, to assure that they yield reasonable results." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  In order to fulfill its duty, the Court will require supplemental evidence from Ms. Johnson reflecting that she is entitled to collect attorney fees pursuant to Plaintiff's agreement with Mr. Armstrong.  Such evidence should be submitted within 14 days, or Ms. Johnson may request an extension of time, if needed.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that no later than **February 19, 2020**, Attorney Johnson provide the Court with supplemental briefing establishing her entitlement to attorney fees under the contingent-fee agreement in this case.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**